IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:15-CV-677-BO

| | |
|---|---|
| AUSTIN STEWART FERRELL, JAMIE FERRELL, and TRACI FERRELL, individually and as administrator of the ESTATE OF AUSTIN STEWART FERRELL, <br>     Plaintiff, <br><br> v. <br><br> THE TOWN OF LILLINGTON, LILLINGTON POLICE DEPARTMENT, DAVID KIRKLAND and SOONAOSO J. LETULI, both individually and in their official capacities, <br>     Defendants. | ORDER |

This cause comes before the Court on defendants' partial motion to dismiss. The appropriate responses and replies have been filed, and the matter is ripe for ruling. For the reasons discussed below, defendants' motion is GRANTED IN PART AND DENIED IN PART. [DE 17].

## BACKGROUND

On November 10, 2013, plaintiff Austin Stewart Ferrell was riding in a car driven by a Mitchell Shane Garner on North Carolina Highway 421 North, heading toward the town of Lillington in Harnett County, North Carolina. Garner drove through a checkpoint that Lillington Police Department Officers David Kirkland and Soonaoso Letuli were attempting to conduct. Plaintiffs contend there were numerous problems with the execution of the checkpoint. When Garner drove through, Kirkland and Letuli began pursuing his vehicle at a high rate of speed down Neill's Creek Road. Plaintiffs contend the manner of the chase rendered Garner with no safe way to stop the car. Plaintiffs also contend the officers may have made contact with the rear

of Garner's vehicle. Either way, Garner's vehicle crashed into a tree, causing the death of Austin Ferrell.

## DISCUSSION

A Rule 12(b)(6) motion to dismiss for failure to state a claim for which relief can be granted challenges the legal sufficiency of a plaintiff's complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). When ruling on the motion, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Although complete and detailed factual allegations are not required, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555 (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Similarly, a court need not accept as true a plaintiff's "unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts. v. J.D. Assocs. Ltd.*, 213 F.3d 175, 180 (4th Cir. 2000). A trial court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

Here, plaintiffs, decedent Austin Ferrell and his parents, Jamie Ferrell and Traci Ferrell (who is a plaintiff in her individual capacity and as administrator of Austin's estate), brought claims of assault and battery, violations of 42 U.S.C. § 1983, violations of the North Carolina Constitution, intentional infliction of emotional distress, and damages for the wrongful death of Austin. Defendants move to dismiss certain claims. The Court will now address the proper parties to the suit and each of plaintiffs' claims.

I.   Lillington Police Department

Before addressing the substantive claims, the Court will consider whether the Lillington Police Department (LPD) is a proper defendant. The Court finds that it is not. "Unless a statute provides to the contrary, only persons in being may be sued. In North Carolina there is no statute authorizing suit against a police department. The Police Department is a component part[] of defendant City . . . and as such lack[s] the capacity to be sued." *Coleman v. Cooper*, 366 S.E.2d 2, 5 (N.C. Ct. App. 1988) (internal citations omitted); *see also Moore v. City of Asheville*, 290 F. Supp. 2d 664, 673 (W.D.N.C. 2003), *aff'd*, 396 F.3d 385 (4th Cir. 2005) (dismissing claims against city police department for lack of capacity to be sued); *Wilson v. Fayetteville Police Dep't*, 2014 U.S. Dist. LEXIS 17071, *2 (E.D.N.C. Feb. 8, 2014) ("Courts have routinely found that lawsuits brought against municipal police departments are not authorized."). Moreover, plaintiffs have not alleged any basis of liability against this defendant. Accordingly, the LPD is an improper defendant and will be terminated as such.

II.   Assault and Battery

The Court begins with plaintiffs' claim of assault and battery. "The gist of an action for assault is apprehension of harmful or offensive contact" and "[t]he gist of an action for battery is the absence of consent to . . . contact on the part of the plaintiff." *Wilson v. Bellamy*, 105 N.C. App. 446, 465 (N.C. Ct. App. 1992) (internal quotation marks omitted) (internal citations omitted). The Court finds that sufficient facts support a claim for assault and battery to survive the motion to dismiss standard. The alleged aggressive chase tactics used by defendant officers supports an argument of "apprehension of harmful or offensive contact," while the nature of the crash supports the claim that any harmful contact decedent encountered as a result of the chase

3

was certainly without consent. Accordingly, the motion to dismiss the assault and battery claim is denied.

III.     42 U.S.C. § 1983

Plaintiffs' complaint also contains a cause of action pursuant to 42 U.S.C. § 1983. "To prevail on a § 1983 claim, [plaintiffs] must show that (1) they were deprived of a federal statutory or constitutional right; and (2) the deprivation was committed under color of state law." *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003). The Court will address this claim as it relates to each remaining defendant.

    a.     § 1983 Claim Against Town of Lillington

The Supreme Court has determined that § 1983 applies to local governments. *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 690 (1978). However, this application is not without limits. Indeed, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Id.* at 694. In other words, there is no *respondeat superior* liability under § 1983. Instead, "it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.*

> A policy or custom for which a municipality may be held liable can arise in four ways: (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that manifest [s] deliberate indifference to the rights of citizens; or (4) through a practice that is so persistent and widespread as to constitute a custom or usage with the force of law.

*Lytle*, 326 F.3d at 471 (internal quotation marks omitted). To succeed against a municipality, a § 1983 plaintiff must demonstrate that the custom or policy is the "moving force" behind the alleged violation. *City of Canton v. Harris*, 489 U.S. 378, 389 (1989).

4

Here, plaintiffs allege violations of their Fourth, Fifth, Sixth, and Fourteenth Amendment rights under the United States Constitution at the hands of defendants, who were acting under color of state law. The Court finds plaintiffs have sufficiently alleged that a failure to train officers on proper checkpoint and chase protocols as well as the alleged lack of policy on proper checkpoint and chase techniques suffice to state a claim upon which relief can be granted as omissions that manifest deliberate indifference to the rights of citizens. *See Lytle*, 236 F.3d at 471. Accordingly, the § 1983 claim against the Town of Lillington survives the motion to dismiss.

b. § 1983 Claim Against Officers in Official Capacities

"Suits against public officers in their official capacities actually raise claims against the entity for which the officer works." *Anderson v. Caldwell County*, 524 Fed. Appx. 854, 856 n.1 (4th Cir. 2013) (unpublished) (per curiam); *see also Ky v. Graham*, 473 U.S. 159, 166 (1985) ("Official-capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). Accordingly, the Court hereby dismisses the official capacity suits against the LPD officers as duplicative of the claims against the Town of Lillington. As discussed above, the claim against the Town of Lillington survives.

c. § 1983 Claim Against Officers in Individual Capacities

Defendants move to dismiss the § 1983 claim against the officers in their individual capacities on fairly narrow grounds: that the complaint should only be considered as containing claims against the officer defendants in their official capacities.

"When a plaintiff does not allege capacity specifically, the court must examine the nature of the plaintiff's claims, the relief sought, and the course of proceedings to determine whether a

5

state official is being sued in a personal capacity." *Biggs v. Meadows*, 66 F.3d 56, 61 (4th Cir. 1995). As a foundational matter, the Court notes that plaintiffs here *do* allege capacity specifically. Plaintiffs have sued the LPD officers in their official and individual capacities. Nevertheless, defendants allege that the claims against the officers are actually only in their official capacities.

First, defendant argues "there are no factual allegations or assertions in the body of the complaint that indicate Plaintiffs' [sic] seek redress against the Officers individually." [DE 17-1]. The Court finds that the complaint contains ample reference to the actions of Officers Kirkland and Soonaoso, most saliently in the discussion of the alleged shortcomings of the checkpoint and the pursuit strategy employed by these two officers. Defendants also move to dismiss this claim because of the references in the complaint to the officers at issue acting in their official capacities as LPD officers. The Court recognizes that this language is contained in the complaint but does not find that it constitutes grounds for dismissal at this early stage for several reasons. First, plaintiffs also brought the suit against the officers in their official capacities. Second, the Court believes it is difficult to parse, as written, whether plaintiffs were simply trying to establish that defendants were employed as LPD officers when they performed the actions in question.

The Court also notes that plaintiffs seek punitive damages. The Fourth Circuit has held that "[a]nother indication that suit has been brought against a state actor personally may be a plaintiff's request for compensatory or punitive damages, since such relief is unavailable in official capacity suits." *Biggs*, 66 F.3d at 61.

Finally, the Court is cognizant that

> when as here, a Rule 12(b)(6) motion is testing the sufficiency of a civil rights complaint, [it] must be especially solicitous of the wrongs alleged and must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief *under any legal theory which might plausibly be suggested by the facts alleged*."

6

*Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999) (internal quotation marks omitted) (emphasis in original). At this stage, and on the facts alleged, the Court is unwilling to find that this civil rights claim would not be entitled to relief. Being especially solicitous of the wrongs alleged, the Court finds that the existence of an individual capacity claim is plausibly suggested. Accordingly, the Court refuses to dismiss it.

IV. Violations of the North Carolina Constitution

In the complaint, plaintiffs allege violations of their constitutional rights under the North Carolina Constitution. "To assert a direct constitutional claim . . . a plaintiff must allege that no adequate state remedy exists to provide relief for the injury." *Copper v. Denlinger*, 363 N.C. 784, 788 (N.C. 2010); *see also Corum v. Univ. of North Carolina*, 330 N.C. 761, 782 (1992) ("[I]n the absence of an adequate state remedy, one whose state constitutional rights have been abridged has a direct claim against the State under our Constitution."). In other words, to proceed on a state constitutional violation claim, a plaintiff must demonstrate that there is no other adequate remedy under state law.

Here, plaintiffs have not attempted to do so. Moreover, in their response to defendants' motion to dismiss, plaintiffs seem to abandon this claim. [DE 22] ("[Plaintiffs] have stated valid legal claims with facts sufficient to support the existence of wrongful death, assault and battery, and civil rights violations under § 1983."). As plaintiffs have not demonstrated a lack of adequate state remedies and appear to have abandoned the North Carolina constitutional claim accordingly, the Court hereby dismisses this claim.

V. Intentional Infliction of Emotional Distress

Plaintiffs have also brought a cause of action for intentional infliction of emotional

7

distress. The Court notes that plaintiffs, in their response to the instant motion to dismiss, also appear to have abandoned this claim. [DE 22] ("[Plaintiffs] have stated valid legal claims with facts sufficient to support the existence of wrongful death, assault and battery, and civil rights violations under § 1983."). Moreover, the Court finds that the claim for intentional infliction of emotional distress is a "[t]hreadbare recital[] of the elements of a cause of action, supported by mere conclusory statements," and, as such, cannot survive a motion to dismiss. *Twombly*, 550 U.S. at 555. For these reasons, the claim of intentional infliction of emotional distress is hereby dismissed.

VI.     Wrongful Death

Defendants have not moved to dismiss this claim.

VII.    Proper Plaintiff

Pursuant to North Carolina law, Traci Ferrell as administrator of Austin's estate is the only proper plaintiff for the claims moving forward.[1] *See* N.C.G.S. §28A-18-1, 2, 3. North Carolina law states that "[u]pon the death of any person, all demands whatsoever, and rights to prosecute or defend any action or special proceeding, existing in favor of or against such person . . . shall survive to and against the personal representative or collector of the person's estate" and "must be brought by or against them in their representative capacity." N.C.G.S. § 28A-18-1, 3. As to the wrongful death claim specifically, the decedent's personal representative is again the only proper plaintiff. *See Brendle v. Gen. Tire & Rubber Co.*, 408 F.2d 116, 118 (4th Cir. 1969) ("Under North Carolina . . . law, the decedent's personal representative is the proper party plaintiff in a wrongful death action."); *see also Graves v. Welborn*, 260 N.C. 688, 690 (N.C. 1963) ("The right of action for wrongful death is purely statutory. It may be brought only by the

---

[1] The Court need not and does not decide whether the other plaintiffs would have been proper for the claims that have been dismissed.

executor, administrator, or collector of the decedent." (internal quotation marks omitted)). Accordingly, Traci Ferrell in her capacity as administrator of Austin's estate will be the only plaintiff moving forward.

## CONCLUSION

For all the reasons discussed above, the partial motion to dismiss is GRANTED IN PART AND DENIED IN PART. [DE 17]. Traci Ferrell as administrator of the estate of Austin Ferrell is the sole plaintiff moving forward, and the claims for which she will be plaintiff include: assault and battery, § 1983 against the Town of Lillington, § 1983 against the officer defendants in their individual capacities, and wrongful death. Plaintiffs Austin Stewart Ferrell, Jamie Ferrell, and Traci Ferrell in her individual capacity are hereby terminated as parties to the action, as is defendant Lillington Police Department.

SO ORDERED, this **13** day of June, 2016.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

9

Case 5:15-cv-00677-BO   Document 27   Filed 06/13/16   Page 9 of 9