IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-677-BO

| | | |
|---|---|---|
| TRACI FERRELL, as Administrator of the ) | | |
| ESTATE OF AUSTIN STEWART FERRELL, ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | ORDER | |
| ) | | |
| THE TOWN OF LILLINGTON, DAVID ) | | |
| KIRKLAND and SOONAOSO J. LETULI, both ) | | |
| Individually and in their Official Capacity as Police ) | | |
| Officers for the Town of Lillington, ) | | |
| Defendants. ) | | |

This cause comes before the Court on plaintiff's motion to appoint/designation of expert[1] and motion to compel. Defendants have responded to the motion to compel and the matter is ripe for ruling. For the reasons discussed below, plaintiff's motion to compel is granted.

DISCUSSION

Plaintiff seeks an order compelling defendants to produce the complete copies of Kirkland and Letuli's police personnel files, as well as any training, observation, and supervision reports contained therein. Plaintiff additionally sought an award of fees and costs associated with this motion but has since withdrawn that request. [DE 38]. Defendants have previously declined to produce the requested personnel files, noting that such files are not subject to disclosure absent a valid court order. *See* N.C. Gen. Stat. 160A-168(b). Accordingly, and in the absence of a substantive objection by defendants to the disclosure of the complete personnel files

---

[1] Although styled on the docket as a motion, plaintiff's designation of expert [DE 33] requests no relief from the Court. The clerk is therefore DIRECTED to terminate the motion as pending.

of Kirkland and Letuli, plaintiff's motion is granted. Defendants request that the Court enter a protective order to protect the highly confidential and sensitive nature of the documents contained in the officers' personnel files from further disclosure. For good cause, and finding "that the privacy concerns of the state statute are in line with [Rule 26 of the] Federal Rules of Civil Procedure," *Thomas v. City of Durham*, 1:98CV00706, 1999 U.S. Dist. LEXIS 5361, at *4 (M.D.N.C. Apr. 6, 1999), the Court ALLOWS defendants' request for entry of a protective order to prevent further disclosure of Kirkland and Letuli's personnel files.

## CONCLUSION

For the forgoing reasons, plaintiff's motion to compel disclosure [DE 35] is GRANTED. Defendants are ORDERED to disclose to plaintiff the complete copies of Kirkland and Letuli's police personnel files, as well as any training, observation, and supervision reports contained therein. The personnel files of Kirkland and Letuli shall be subject to the following protective order. Fed. R. Civ. P. 26(c).

### *Protective Order*

The personnel files of Kirkland and Letuli SHALL be treated as confidential information which may be used only in the prosecution or defense of this action and shall not be used for any other purpose. This confidential information shall not be disclosed or made available to anyone other than the parties to this action and their counsel, experts or consultants retained to assist the parties or their counsel, and the Court and its personnel. Prior to disclosure of confidential information to any person, counsel must inform the recipient that such information is confidential and may not be further disclosed. Should the filing of any confidential information with the Court be deemed necessary during the prosecution or defense of this action, a party may file such information under seal without seeking leave of Court, subject to the Court's review of

2

the determination to file a document under seal. Failure to comply with this order shall result in sanctions. *See* Fed. R. Civ. P. 37(b). The parties are permitted to seek leave to amend this protective order during the course or at the conclusion of this litigation.

SO ORDERED, this ⬛⬛ day of March, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE